J-A10044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID AND STACY ANN KOPEW | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TOLL BROTHERS, INC.; TOLL BROS., INC.; TOLL PA GP CORP.; AND TOLL PA, L.P. | : | No. 760 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered January 30, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): No. 2018-23696

BEFORE: BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JANUARY 06, 2021**

This case comes to us following a remand directed by our decision in

***Kopew v. Toll Brothers, Inc.***, 237 A.3d 1088 (Pa. Super. June 26, 2020)

(unpublished memorandum), where Toll Brothers, Inc., Toll Bros, Inc., Toll PA

GP Corp., and Toll PA, L.P. (referred to collectively as "Toll") challenged an

order of the Montgomery County Court of Common Pleas (trial court) that

vacated an arbitrator's dismissal of several construction defect claims by David

and Stacy Ann Kopew (the Kopews).  The arbitrator's dismissal was based on

findings of fact, as well as its interpretation of the Statute of Repose, 42

Pa.C.S. § 5536(a).  ***See*** Arbitrator's Order of Dismissal, 9/6/2018, at 11.

---

[*] Retired Senior Judge assigned to the Superior Court.

The Kopews' appealed the arbitrator's dismissal of their claims to the trial court, which vacated that ruling, finding that the Kopews were improperly denied a hearing. The trial court found that under 42 Pa.C.S. § 7341, the arbitrator erred in dismissing the Kopews' claims in their entirety and with prejudice, prior to the completion of discovery.

Toll then filed an appeal in this Court, arguing that the trial court was bound by the arbitrator's legal conclusion regarding the application of the Statute of Repose. The Kopews countered that the trial court was not so bound because it had limited authority to vacate the dismissal as a remedy for the arbitrator's improper denial of an opportunity to present evidence showing that there existed material questions of fact. *See* 42 Pa.C.S. §§ 7314(a), 7341 (permitting court to vacate arbitrator's award if a party was improperly denied a hearing). The Kopews asserted further that since the trial court had directed further arbitration proceedings, Toll was impermissibly seeking review of an unappealable order. *See* 42 Pa.C.S. § 7320(a)(5) (providing that court's vacatur of an arbitrator's dismissal is not reviewable when rehearing is also directed).

In our earlier memorandum, we outlined in depth the key facts and law, making it unnecessary to reiterate them here. As we had explained, though, the trial court had authority to vacate the arbitrator's dismissal only so long as it was necessary to afford the Kopews a chance to present evidence having

some bearing on the application of the Statute of Repose; otherwise, the trial court would have been bound by the arbitrator's ruling that it applied.

However, because the Kopews did not clearly state what material evidence the arbitrator prevented them from submitting that could have affected the outcome of the arbitration, and the trial court only stated broadly that an arbitrator cannot dismiss claims prior to the completion of discovery and without an evidentiary hearing, further clarification was needed. To that end, we directed the trial court to identify any outstanding evidence or discovery requests that would have made it improper for the arbitrator to summarily dismiss the Kopews' arbitration based on the Statute of Repose.[1]

_____

[1] The Kopews had maintained that this appeal is moot because they do not intend to avail themselves of further arbitration or pursue any claims against Toll once the appeal has concluded. Toll insisted the case is not moot, in part because the Kopews had a pending request for a new arbitration and the Statute of Repose issues are pending in similar matters. In our earlier memorandum, we directed that if, on remand, the Kopews moved to dismiss their arbitration with prejudice, it would put an end to the parties' controversy, making it unnecessary for the trial court to issue a new decision or for this Court to take further action.

However, instead of immediately terminating their pending arbitration requests upon remand, the Kopews waited until *after* the trial court issued is clarifying decision to file their voluntary praecipe to discontinue the case with prejudice. Since the trial court's clarification was completed prior to the Kopews' praecipe, and the case has not yet been discontinued under the governing arbitration rules, we will proceed to adjudicate the merits of the trial court's vacatur of the arbitrator's dismissal. **See** Pa. Code Rule 1310 (providing that "No appeal may be discontinued except by leave of court after notice to all parties or upon the filing of the written consent of all parties.").

The trial court submitted a response on October 16, 2020, but did not identify any particular piece of outstanding evidence that could have even arguably made the Statute of Repose inapplicable as a matter of law. Rather, the trial court echoed its earlier finding that the arbitrator's "impropriety" was summarily dismissing the Kopews' claims before discovery had concluded.

Again, this lack of factual detail is problematic because the arbitrator could have only committed an "impropriety" through the denial of a hearing *if* the Kopews were actually deprived of the opportunity to present material evidence regarding the applicability of the Statute of Repose. Such a finding would require the Kopews to demonstrate that such evidence would have been forthcoming but for the premature timing of the arbitrator's decision. The Kopews could not have wrongfully been denied a hearing to present material evidence if they had no such evidence to present.

The Kopews have had numerous opportunities during arbitration, the trial stage and the appeal to formulate a cogent theory about how the arbitrator improperly dismissed their claims, and the Kopews have remained unable to do so. Without any basis in the record showing that the arbitrator denied the Kopews the chance to present evidence raising a genuine fact question as to the Statute of Repose, the trial court lacked authority to vacate the arbitrator's dismissal. The arbitrator's ruling was, therefore, binding on the trial court, giving Toll the right to an interlocutory appeal of the trial court's

vacatur. Thus, we are now compelled to order the reinstatement of the arbitrator's dismissal of the Kopews' claims with prejudice.

Trial court order reversed. Arbitrator's order reinstated. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 1/6/2021*

- 5 -